IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Action No. 05-AP-02129-LTB

MARCIA K. JENKS,

     Plaintiff,

v.

JO ANNE B. BARNHART, Commissioner of Social Security,

     Defendant.

_____

ORDER
_____

Plaintiff Marcia E. Jenks appeals Defendant's (the "Commissioner") final administrative decision denying her claim for disability insurance benefits under the Social Security Act (the "Act"). Jurisdiction in this appeal is proper pursuant to 42 U.S.C. § 405(g). Oral argument would not materially assist in the determination of this appeal. After consideration of the briefs and the record, I affirm the Commissioner's decision.

**I. Statement of the Case**

Plaintiff applied for disability insurance benefits in February of 2003. Following the initial denial of benefits, a hearing was held before an administrative law judge (the "ALJ") on June 25, 2004. On August 14, 2004, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Act. Plaintiff sought review of the ALJ's decision by the Appeals Council. The Appeals Council found that there was no basis to change the ALJ's decision, thereby rendering this decision the Commissioner's final decision for purposes of my review. Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

## II.  Statement of Facts

Plaintiff is a high school graduate who attended one year of college studying the travel industry.  Administrative Record ("AR") 80 & 268.  Plaintiff was 48 years old at the time of the Commissioner's decision.  AR 48.  In the past, Plaintiff  worked as a book sales representative and as a reservation agent and customer service agent for the airline industry.  AR 75 & 95-103.

Plaintiff alleges that she became disabled beginning July 3, 2002 as a result of multiple sclerosis and related symptoms including weakness in her right extremities and blurred vision.  AR 44 & 74.        Plaintiff was first diagnosed with multiple sclerosis in 1996.  AR 197.  Then, in January of 2002, Plaintiff sought treatment for "increased symptoms."  AR 146.  Specifically, at that time Plaintiff reported that she was experiencing dramatic changes in her vision, headaches, right-sided weakness, and fatigue.  AR 146.

Around the time of the alleged onset date, Plaintiff worked as a customer service representative for Frontier Airlines for approximately one month, but quit for health reasons.  AR 88.  Plaintiff returned to employment at Frontier in February of 2003, but again left for health reasons.  AR 107.  Plaintiff then enrolled in a medical billing course, but withdrew as a result of pain she was experiencing.  AR 276.  In November of 2003, Plaintiff took a job as a customer service representative for Midwest Airlines, but left following an automobile accident in which she suffered a concussion and neck, shoulder, and back pain.  AR 276.  Most recently, beginning March 15, 2004, Plaintiff went to work as a flight attendant for Frontier Airlines,  earning $1,300 per month.  AR 269.

## III.  Standard of Review

In reviewing the Commissioner's decision I determine whether substantial evidence in the

2

record as a whole supports the factual findings and whether the correct legal standards were applied. *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1992); *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamilton, supra,* 961 F.2d at 1498. I "may neither reweigh the evidence nor substitute [my] discretion for that of the Administrative Law Judge." *Kelley v. Chater,* 62 F.3d 335, 337 (10th Cir. 1995). Where evidence as a whole can support either the Commissioner's decision or an award of benefits, the Commissioner's decision must be affirmed. *See Ellison v. Sullivan,* 99 F.2d 534, 536 (10th Cir. 1990).

## IV.  Analysis

Plaintiff raises the following issues on appeal: (1) that the ALJ erred in assessing Plaintiff's impairments at step three of the sequential process; (2) that the ALJ erred in not giving controlling or greater weight to the opinions and statements of Plaintiff's treating physicians; (3) that the ALJ erred in not considering Plaintiff's requests for a trial work period or a closed period of disability; (4) that the ALJ erred in finding that Plaintiff can return to past relevant work; and (5) that the ALJ erred in assessing Plaintiff's credibility. I will address each of these issues in turn.

### A.  The ALJ's Determination of No Disability at Step Three

In evaluating a claim for disability, the following five factors must be considered in sequence: (1) whether the claimant worked during the alleged period of disability; (2) whether the claimant had a severe impairment; (3) whether the claimant had a condition which met or equaled the severity of a listed impairment; (4) whether the claimant could return to past relevant work; and (5) if unable to perform past work, whether the claimant could perform other work in the

3

national economy.  20 C.F.R.§404.1520.; *Williams v. Bowen,* 844 F.2d 748, 750 - 51 (10th Cir. 1988).

Here, at step three in the sequential process, the ALJ concluded that none of Plaintiff's medical impairments were accompanied by the specific clinical signs and diagnostic findings required to meet or equal the requirements set forth in the Listing of Impairments, including Section 11.00.  In particular, Listing 11.09 recognizes that persons suffering from multiple sclerosis may be severely impaired as a result of disorganization of motor function (11.09A), visual or mental impairment (11.09B), or fatigue (11.09C).  20 C.F.R. Pt. 404, Subpt. P, App. 1. Plaintiff argues that this conclusion by the ALJ was in error because it disregarded the findings of Dr. Allen Bowling, M.D. and Dr. Ronald Murray, M.D., both of whom treated Plaintiff for multiple sclerosis and related symptoms.  I disagree.

 In a RFC questionnaire completed September 9, 2003, Dr. Bowling opined that Plaintiff had "significant and persistent disorganization of motor function in two extremities resulting in sustained disturbance of gross and dexterous movement or gait and station" based on her inability "to sustain function over a several hour period of time in [right upper extremity] and [right lower extremity]."  AR 32B.  Although this opinion satisfies the requirements of 11.09A, it was rejected by the ALJ on the basis that it was inconsistent with Dr. Bowling's treatment records; did not cite to any specific clinical or objective findings; and was inconsistent with Plaintiff's return to work as a flight attendant in March of 2004.  AR 17.

Plaintiff first argues that it was error for the ALJ to consider Plaintiff's work history at this stage of the evaluation because an individual is found to be presumptively disabled on medical grounds alone if their impairment meets the listed medical criteria.  This is not to say, however,

4

that the ALJ may not consider other evidence in the record in assessing whether the requisite medical findings are satisfied by Dr. Bowling's opinion.  Specifically, it was within the ALJ's discretion to accord little weight to Dr. Bowling's opinion if it was not well-supported by clinical and laboratory diagnostic techniques or was inconsistent with other substantial evidence in the record, including Plaintiff's work history.  20 C.F.R. § 404.1257(d)(2).

Plaintiff further argues that Dr. Bowling's opinion regarding Plaintiff's motor function is in fact well-supported by his treatment records and those of Dr. Murray.  These records were discussed at length by the ALJ, however, and the ALJ's conclusion that they failed to support Dr. Bowling's opinion that Plaintiff satisfied Listing 11.09A is supported by substantial evidence in the record.  Notably, at no time prior to his completion of the RFC questionnaire did Dr. Bowling indicate that work restrictions were appropriate as a result of Plaintiff's condition.  In addition, Dr. Bowling noted in a report dated January 2, 2003 that strength in Plaintiff's upper extremities "continues to be normal."  AR 136.   This finding is at odds with Dr. Bowling's September 9, 2003 statement that Plaintiff was unable to sustain function over a several hour period of time in her right upper extremity, as well as her right lower extremity, and supports the conclusion that any impairment of Plaintiff's motor function consistent with the requirements of Listing 11.09A did not persist for 12 continuous months.  *See* 20 C.F.R. §404.1505(a) (disability is defined as the inability to perform substantial gainful activity as a result of impairment lasting for continuous period of not less than 12 months).

Plaintiff also argues that the ALJ should have also found that she was disabled under Listings 11.09B (visual or mental impairment) and 11.09C (fatigue).  There is little evidence, however, to establish the existence of these conditions.  Plaintiff's medical records merely reflect

periodic complaints of blurred vision and fatigue with no corresponding testing or treatment. Listing 11.09C in particular requires "[s]ignificant reproducible fatigue of motor function with substantial muscle weakness on repetitive activity, demonstrated on physical examination" and is to be utilized only if Listing 11.09A is inapplicable.  20 C.F.R. Pt. 404, Subpt. P, App. 1.  Under these circumstances, the ALJ's conclusion that there  were no specific clinical signs or diagnostic findings to meet or equal the requirements set forth in Listings 11.09B and 11.09C is likewise supported by substantial evidence in the record.  Accordingly, I conclude that the ALJ did not err in concluding that Plaintiff was not disabled at step three of the sequential process.

**B.  The Weight Given by the ALJ to the Opinions of Plaintiff's Treating Physicians**

Plaintiff argues that the ALJ erred in failing to give controlling or greater weight to the opinions of her treating physicians.  As noted above, however, it was within the ALJ's discretion to accord little weight to these opinions if they were not well-supported by clinical and laboratory diagnostic techniques or were inconsistent with other substantial evidence in the record, including Plaintiff's treatment records.  20 C.F.R. § 404.1257(d)(2).  Here, as required by 20 C.F.R. §404.1527(d), the ALJ discussed in detail her reasons for giving little weight to Dr. Bowling's opinions set forth in the RFC questionnaire.  These reasons are supported by substantial evidence in the record.  In particular, Dr. Bowling qualified his opinions regarding the length of time for which Plaintiff could sit or stand with the notation that they were estimates only and was unable to offer any opinion regarding Plaintiff's ability to lift or perform other motor skills.  AR 32D-F. Other opinions from Plaintiff's treating physicians relate to other medical conditions and therefore have little or no relevance to the ALJ's decision.  Accordingly, I conclude that the ALJ did not err in failing to give controlling or greater weight to the opinions of Plaintiff's treating physicians.

6

**C.  Plaintiff's Requests for a Trial Work Period or a Closed Period of Disability**

Plaintiff argues that the ALJ erred in failing to consider whether her employment as a flight attendant beginning March 15, 2004 constituted a trial work period and whether the period of time from Plaintiff's alleged onset disability date of July 3, 2002 to March 15, 2004 constituted a closed period of disability.  I disagree.

As a preliminary matter, it does not appear that Plaintiff ever requested that the ALJ consider a closed period of disability.  Rather, Plaintiff's counsel stated at the hearing that she considered making such a request, but decided against it based on past experiences with benefit claims predicated on multiple sclerosis.  AR 288.  In any event, implicit in the ALJ's conclusion that "[Plaintiff] was not under a disability ... at any time through the date of this decision" is a determination that Plaintiff did not suffer from a disability for a finite period of time.  Moreover, since the ALJ concluded that Plaintiff was never disabled in the first instance, Plaintiff's argument that the ALJ must further consider whether there was a medical improvement in Plaintiff's condition that rendered her able to work makes little sense.

With respect to Plaintiff's argument regarding a trial work period, claimants are generally entitled to test their ability to work and still be considered disabled if they are entitled to disability insurance benefits in the first instance.  42 U.S.C. 422(c)(1); 20 C.F.R. § 404.1492(a) & (d)(2)(i). To be entitled to disability insurance benefits, a claimant must be under a disability, which is defined as an inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 423(a) & (d).  As already discussed, the ALJ did not err in concluding that Plaintiff's impairments

7

were insufficient to establish that she suffered from a disability based on the medical evidence presented. Consequently, the ALJ likewise did not err in failing to consider whether Plaintiff's return to employment in March of 2004 constituted a trial work period.

**D. The ALJ's Finding that Plaintiff Can Return to Past Relevant Work**

At Step 4 in the sequential process, the ALJ concluded that Plaintiff was capable of returning to her past relevant work as a reservations agent for the airline industry. Plaintiff argues that this conclusion was in error because it disregarded the opinions of Plaintiff's treating physicians, failed to take into account Plaintiff's upper right extremity impairment, and Plaintiff's testimony. I disagree.

The ALJ's conclusion that Plaintiff was capable of returning to past relevant work was predicated on her determination that Plaintiff had the RFC to lift and carry 20 pounds occasionally and ten pounds frequently; to sit for 6 hours in an 8 hour work day; to stand or walk for 3 - 4 hours in an 8 hour workday; and to occasionally climb, stop, and crawl. This determination of Plaintiff's RFC was in turn predicated on the opinion of Alan Ketelhohn, M.D., an agency medical consultant. Plaintiff faults this opinion for failing to reference the opinions of her treating physicians regarding her physical capacities. The only definitive statement of these capacities by Plaintiff's treating physicians, however, is contained in the RFC questionnaire which was completed after Dr. Ketelhohn's assessment. AR 32D-G. Moreover, as discussed above, Dr. Bowling's assessment of Plaintiff's physical restrictions was both qualified and incomplete. Accordingly, although Dr. Ketelhohn did not examine Plaintiff, his opinion is nonetheless supported by substantial evidence in the record.

Plaintiff also faults the ALJ's conclusion on the basis that it failed to take into account the

8

impairment to her upper right extremity.  There is, however, conflicting evidence regarding this alleged impairment.  In particular, as previously noted, Dr. Bowling noted in January of 2003 that the strength in Plaintiff's upper extremities "continues to be normal."  AR 136.  Dr. Bowling was also unable to identify any physical limitations based on an impairment to Plaintiff's upper right extremity in the RFC questionnaire.  AR 32E-F.  Under these circumstances, I conclude that the ALJ did not err in failing to account for an impairment to Plaintiff's upper right extremity in concluding that she could return to her past relevant work as a reservations agent.

Plaintiff's final objection to the conclusion that she can return to past relevant work is based on the ALJ's assessment of her credibility, which is discussed further below.

**E.  The ALJ Erred in Assessing Plaintiff's Credibility**

Plaintiff argues that the ALJ erred in not finding that Plaintiff to be substantially credible in view of her long work history and attempts to work.  I disagree.

Credibility determinations are peculiarly the province of the fact finder and will not be upset on review provided that they are linked to substantial evidence in the record.  *Kepler v. Chater,* 68 F.3d 387, 390-1 (10th Cir. 1995).  Here, the ALJ discussed the basis for her discounting of Plaintiff's contention that she was incapable of sustaining any work activity in some detail.  Among other things, the ALJ noted inconsistencies between Plaintiff's position and her medical records and level of activity.  Accordingly, I conclude that the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence in the record and therefore not in error.

For the reasons set forth above, IT IS ORDERED that the Commissioner's decision is

AFFIRMED.


Dated: August __25__, 2006 in Denver, Colorado.


BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, CHIEF JUDGE